UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

NIEAMA HSNEIN AL-GHAZZAWI

Defendant

CRIMINAL NO. 6:26-cr-00316-01
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**JOINT MOTION TO CERTIFY CASE AS COMPLEX AND EXTEND MOTION AND SPEEDY TRIAL ACT DEADLINES**

The United States of America, through its undersigned counsel, and the defendant, through her undersigned counsel, respectfully ask that this Court issue an order certifying the above-captioned matter as complex, extending the various pretrial deadlines, and setting the trial beyond the period set forth in the Speedy Trial Act.

1.

On August 19, 2026, a federal grand jury seated in the Western District of Louisiana returned a two count indictment charging violations of Title 18, United States Code, Section 371 ("Conspiracy to Commit Visa Fraud") and Section 1546(a) ("Visa Fraud"). [Doc. 1.] The initial appearance and arraignment on the indictment occurred on September 8, 2026. The defendant was released on conditions.

2.

As set forth in the Indictment, the allegations against the defendant are legally and factually complex. The charges against her are serious and carry a maximum sentence of up to ten years imprisonment.

Much of the evidence of the events of October 7, 2023, resides overseas, is in the possession of foreign governments, and is in foreign languages. The United States also sought information from Israel to corroborate its allegations regarding the defendant's husband's participation in the October 7 attacks and Hamas-affiliated groups. In fact, the defendant's knowledge of her husband's participation in the October 7 attacks and his affiliation with such groups will be the primary focus of Ms. Al-Ghazzawi's case. Significant portions of the evidence supporting these allegations thus originate from, and are controlled by, Israel.

Finally, the defendant's primary language is Arabic, necessitating a translator for all court hearings and all discussions between the defendant and her counsel. Additionally, as part of its investigation, the government sought and obtained warrants for numerous social media and email accounts. These warrants returned voluminous records, including evidence the government will seek to admit at trial. In fact, a majority of the discovery in this case will consist of Arabic language documents and audio clips that could slow discovery review. For example, the defense may want to confer with their own linguists to review Government translations.

3.

The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id*. In considering whether to grant a continuance requested under such provision, one of the factors which the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*See* 18 U.S.C. § 3161(h)(7)(B)(ii). Similarly, the Court shall also consider whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." *Id.* § 3161(h)(7)(B)(iv).

Here, the parties agree that the case is "unusual and complex" within the meaning of the above statute, additional time is necessary for both parties to effectively prepare for trial, and thus a continuance of the trial is warranted. The parties assert that the nature and amount of evidence, the criminal offenses committed in this district and elsewhere, the nature of the prosecution, and the

questions of facts and law in this case allow this Honorable Court to declare it to be an unusual and complex one pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B). It would be unrealistic to expect effective preparation by either party for the pretrial and trial proceedings in the time periods normally allocated by a typical Scheduling Order, or the time periods set forth in 18 U.S.C. § 3161, considering the vast amount of discovery for review, the need to translate large portions of that discovery from foreign languages, and the requirements of CIPA proceedings, among other factors. This case should be viewed together "under the totality of the nature of the prosecution," the "scope" and volume of evidence involved in the case, and the novel issues presented. *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002); *United States v. Chalkias*, 971 F.2d 1206, 1211 (6th Cir. 1992); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1197-98 (2d Cir. 1989); *United States v. Kamer*, 781 F.2d 1380, 1389-90 (9th Cir. 1986); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985).

The parties submit that the periods of delay which are occasioned by this instant request for a continuance beyond the 70-day Speedy Trial period should be excluded. These delays are necessary for the defendants, the defendants' attorneys, and the United States to provide and review voluminous discovery and file and respond to motions; for the judge to consider motions, hold the required pretrial proceedings, and rule on motions; and for the parties to prepare for trial or engage in any meaningful plea negotiations. These requirements cannot be satisfactorily met if

the standard deadlines are in place. Furthermore, less harm is done to the defendant by extending the deadlines because she remains out of custody.

4.

Considering the foregoing, and with respect to the initial discovery deadlines, the parties make the following proposal:

1. Although voluminous, the evidence can be organized, numbered and ready for reproduction within approximately ninety days from the arraignment. Therefore, the parties seek a discovery deadline of ninety days following the arraignment to complete, organize and reproduce discovery, which is a reasonable request. Notably, the United States already has significant portions of discovery ready for production to the defense;

2. As this is an estimate, the United States reserves the right to request additional time upon a showing of good cause; and

WHEREFORE, the parties further move this Honorable Court to certify this case as complex. The parties request that the Court grant a continuance in this case beyond the normal and customary 70-day period required by the Speedy Trial Act, based on the complexity of the matter and because the ends of justice are best served in doing so as contemplated by 18 U.S.C. § 3161(h)(7)(A) and (B). The parties request that the normal deadlines be suspended and extended, and that the period for discovery be continued. The parties further request that all motions deadlines be set accordingly thereafter, and that all delays be excluded under the Speedy Trial Act.

[Remainder of page intentionally left blank]

Respectfully Submitted,

ZACHARY A. KELLER
United States Attorney

By: *s/John W. Nickel*
JOHN W. NICKEL, Bar No. 37819
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618